IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNN DAVIS,

    Plaintiff,

v.                                                  Case No. 15-01107 MV/SCY

GROUPON, INC.,

    Defendant.

## **ORDER**

THIS MATTER comes before the Court on Plaintiff Lynn Davis' Motion to Set Aside Protective Order Regarding the Identity of the Manufacturer (Doc. 86) and USA Nutra Lab's Motion for Order to Show Cause (Doc. 94). For the reasons discussed below, the Court DENIES AS MOOT Plaintiff's Motion to Set Aside the Protective Order and further DENIES USA Nutra Lab's Motion for Order to Show Cause.

**BACKGROUND**

Shortly after Plaintiff initiated the present lawsuit, former defendant USA Nutra Labs moved to dismiss based on its contention that the Court did not have personal jurisdiction over it. Docs. 20, 22. In response, Plaintiff requested that discovery be conducted on the issue of USA Nutra Labs' ties to New Mexico. Doc. 34 at 2, 16. Included in her request, Plaintiff sought discovery regarding entities USA Nutra Labs was affiliated with and the entity who allegedly manufactured the product at issue in this litigation. Doc. 34 at 16. USA Nutra Labs objected to Plaintiff's discovery requests and specifically contended that discovery into the chain of distribution was targeted toward adding additional parties rather than determining the issue of personal jurisdiction. Doc. 37. Although the Court initially took the matter under advisement,

1

Plaintiff expressed concern that delays in regard to obtaining the requested discovery could implicate statute of limitations issues. Doc. 38.

During the Court's second scheduling conference, the Court concluded that it would permit Plaintiff to engage in limited jurisdictional discovery. Doc. 45. The Court thereafter entered an order setting the parameters of the allowable discovery. Doc. 46. During the limited jurisdictional discovery phase, however, the parties continued to dispute the scope of discovery permitted by the Court's Order. *See* Doc. 55. The Court therefore set a hearing for October 5, 2016, to discuss modifying the limited discovery order. Doc. 62. In recognition of potential statute of limitations issues, the Court's Order specifically directed the parties to be prepared to argue whether the scope of the limited jurisdictional discovery should be broadened to allow Plaintiff to determine the identity of other potential entities allegedly at fault for Plaintiff's injuries. Doc. 62.

During the October 5, 2016 hearing, USA Nutra Labs strongly objected to disclosing the identity of the manufacturer of the product. *See* Doc. 65. Nevertheless, the Court ultimately ordered USA Nutra Labs to disclose the identity of the manufacturer to Plaintiff's counsel by November 18, 2016. Doc. 67. The Court clarified, however, that this information would be subject to a protective order and only disclosed to Plaintiff's counsel. Doc. 67. Consistent with this limitation, the parties' stipulated protective order provided that the identity of the manufacturer would be disclosed "For Counsel Only." Doc. 71. Following entry of the protective order, USA Nutra Labs disclosed the identity of the manufacturer to Plaintiff's counsel. Doc. 75.

On December 21, 2016, United States District Court Judge Martha Vazquez granted USA Nutra Labs' Motion and dismissed claims against it for lack of personal jurisdiction. Doc. 80. In April 2017, Plaintiff filed suit against USA Nutra Labs, as well as DC 1 of Coral Gables, LLC,

and John Doe Corporation in Florida. Doc. 86-2. On May 9, 2017, Plaintiff moved this Court to lift the protective order so that it could replace "John Doe Corporation" with the identity of the manufacturer in her Florida lawsuit. Doc. 86. USA Nutra Labs filed its response on May 22, 2017, and objected to the Court lifting the confidential status of the manufacturer's identity. Before the Court could rule on the Motion to Lift the Protective Order, however, Plaintiff filed notice that she had amended her complaint in the Florida lawsuit and in so doing had disclosed the identity of the manufacturer. Doc. 93. Owing to this disclosure, USA Nutra Labs filed a Motion for Order to Show Cause contending that Plaintiff should be held in contempt for violating the protective order. Doc. 94.

**ANALYSIS**

As an initial matter, it is clear that once that Plaintiff disclosed the identity of the manufacturer in her Florida lawsuit, her Motion to Lift the Protective Order (Doc. 86) became moot in so far as her requested relief was that the Court lift the protective order so that she could name the manufacturer in her Florida lawsuit. That said, many of the arguments put forward in briefing on the Motion to Lift the Protective Order are relevant to whether the Court should find Plaintiff in contempt for taking action before the Court ruled on her Motion.

USA Nutra Labs initially contended in response to Plaintiff's Motion to Lift the Protective Order that the Court did not have jurisdiction to modify the protective order because USA Nutra Labs was no longer a party to the action.[1] Doc. 89 at 2. In its Motion for Order to Show Cause, however, USA Nutra Labs contends that Plaintiff knowingly disobeyed a valid

---

[1] To the extent that USA Nutra Labs maintains this argument, the Court rejects it. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it….And modification of a protective order, like its original entry, is left to the discretion of the district court.").

3

court order by disclosing the identity of the manufacturer and should therefore be held in contempt. Doc. 94.

Plaintiff, on the other hand, contends in both her initial Motion to Lift the Protective Order and in her response to USA Nutra Labs' Motion for Order to Show Cause that she complied with the procedures set forth in the protective order to challenge, and ultimately remove, the confidential status of the manufacturer's identity. Doc. 86 at 6; Doc 96 at 3. The relevant provision of the protective order provides that

> In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of such information regarding the identity of the manufacturer as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed court orders otherwise [sic]. Failure to move for an order shall constitute a termination of the status of such items as classified information.

Protective Order Regarding the Identity of the Manufacturer, Doc. 71 at § 11(a). Plaintiff contends that she complied with this provision when she sent USA Nutra Labs a letter on April 17, 2017, requesting its position on declassifying the identity of the manufacturer. Doc. 86-1. Plaintiff specifically stated in her letter that "we object to the information as classified, pursuant to Paragraph 11 of the Protective Order, because there is no grounds for the identity of the manufacturer to be private." Doc. 86-1. Plaintiff further highlighted the fourteen day timeframe for USA Nutra Labs to move to preserve the classified status of the manufacturer's identity. Doc. 86-1. Given that USA Nutra Labs had been dismissed from the case, however, Plaintiff stated that she was unsure how USA Nutra Labs would prefer to proceed and indicated that she would likely move to lift the protective order. Doc. 86-1. Plaintiff contends that the Court should not

4

hold her in contempt because USA Nutra Labs did not subsequently move to retain the classified status of the manufacturer's identity and her actions did not therefore violate the protective order.

The Court agrees with Plaintiff. The protective order provided that the classified status of the manufacturer's identity would terminate if Plaintiff sent notice to USA Nutra Labs objecting to the classified status pursuant to Section 11(a) and USA Nutra Labs did not move with fourteen days to retain the classified designation. *See* Doc. 71 at § 11(a). USA Nutra Labs nowhere disputes this interpretation of the protective order nor that it failed to timely move to retain the classified designation. Furthermore, to the extent USA Nutra Labs contends that it was no longer a party to the lawsuit and was therefore not required, or was unable, to comply with this provision, the Court notes two things. First, as evidenced by USA Nutra Labs subsequent filings on this issue, nothing prevented USA Nutra Labs from petitioning the Court to retain the manufacturer's confidential status. Second, there is no evidence that USA Nutra Labs otherwise responded to or contacted Plaintiff to object to lifting the confidential status of the manufacturer's identity within the relevant timeframe. In the absence of such evidence, it was not sanctionable for Plaintiff to assume, pursuant to the protective order, that USA Nutra Labs no longer opposed removing the confidential status of the manufacturer's identity.

Instead of quibbling with the language of the protective order, USA Nutra Labs appears to argue that because Plaintiff initially moved to lift the protective order she was thereafter precluded from unilaterally disclosing the identity of the manufacturer in the absence of a court order. *See* Doc. 94 at 5. Contrary to USA Nutra Labs' argument, however, the terms of the parties' protective order govern the resolution of this issue. The case cited by USA Nutra Labs is instructive on this point. In *Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc.*, the parties' protective order provided that confidential information "shall not be used for any

5

purpose other than for this action, unless authorized by the Court." 305 F.3d 1303, 1314 (Fed Cir. 2002). The Federal Circuit accordingly held that use of the information outside the litigation without prior court authorization violated the protective order. *Id.* In contrast, the present protective order did not include a blanket restriction on the use of the information absent court authorization. Instead, as noted above, the onus was on USA Nutra Labs to move to continue the classified designation once Plaintiff notified it that she objected to the designation and invoked Section 11(a) of the protective order. By the terms of the protective order, USA Nutra Labs' failure to do so "constitute[d] a termination of the status of such item as Classified Information." Doc. 71 at § 11(a). The Court therefore concludes that Plaintiff did not violate the protective order.

That said, even were the Court to find that the protective order had been violated, the Court would be reluctant to impose the sanctions requested by USA Nutra Labs. In addition to an award of fees and costs, USA Nutra Labs requests that the Court order Plaintiff to voluntarily dismiss the manufacturer from her Florida lawsuit and bar her from proceeding against it. "A district court has great discretion when deciding how to enforce violations of its own orders." *Eagle Comtronics*, 305 at 1314-15 (citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428 (1923). When the Court ordered the disclosure of the manufacturer's identity at the October 5, 2016, hearing, the Court explicitly stated that the confidential designation was intended to be temporary. The Court explained that the protective order would be "for attorney's eyes only with the understanding that either of you can come back to me and ask to change that at some point, and one of those things that would cause me to alter that order would be if you're planning on filing a complaint against that party." Discovery Hearing, FTR Hondo 10/5/2016, 1:24:40. Ultimately, the protective order submitted by the parties and filed by the Court included

the procedure outlined above that obviated the need for Plaintiff to obtain the Court's authorization. Nevertheless, in staying discovery pending resolution of the jurisdictional issue, it was never the Court's intent to impair Plaintiff's ability to discover the identity of the manufacturer and bring a timely lawsuit against that manufacturer. As a result, the Court made clear at the October 5, 2016 hearing that the need for Plaintiff to file a lawsuit against the manufacturer before the running of a statute of limitations would constitute a reason to disclose the name of the manufacturer obtained in the course of limited discovery. Given the background of this case and the nature of the Plaintiff's disclosure, the severe sanctions USA Nutra Labs requests are disproportionate to the violation it alleges.

**CONCLUSION**

In sum, while the Court is of the opinion that the more prudent path for Plaintiff would have been to await the Court's decision on her Motion to Lift Protective Order, the Court concludes that Plaintiff's disclosure did not violate the parties' protective order. The Court therefore DENIES AS MOOT Plaintiff's Motion to Lift Protective Order (Doc. 86) and further DENIES USA Nutra Labs' Motion for Order to Show Cause (Doc. 94).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE